UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
|                            ) | |
|        Plaintiff,          ) | No. 3-05-70672 BZ |
|                            ) | |
|     v.                     ) | |
|                            ) | |
| Larry Darnell Hill Jr.,    ) | **DETENTION ORDER** |
|                            ) | |
|        Defendant.          ) | |

This matter came before the Court on August 23, 2005 for a detention hearing.  The defendant, Larry Darnell Hill Jr., was present and represented by Daniel Blank.  Assistant United States Attorney Michelle Morgan-Kelly appeared for the United States of America.

Pretrial Services submitted a report to the Court and the parties that recommended detention, and a representative of Pretrial Services was present at the hearing.  The Government requested detention, and the Defendant opposed.  Proffers and arguments regarding detention were submitted by the parties at the hearing.

Having considered the parties' proffers, the Pretrial

1

1  Services Report and the files and records in this matter, I
2  find that the government has met its burden of showing by
3  clear and convincing evidence that the defendant is a danger
4  to the community and that no condition or combination of
5  conditions will reasonably assure the safety of the community.
6  I also find that the government has met its burden of showing
7  by a preponderance of the evidence that the defendant is a
8  flight risk, but if that were the only risk which the
9  defendant presented, I am satisfied that I could probably
10 fashion conditions what would reasonably assure the
11 defendant's appearance in these proceedings.  In so holding, I
12 have considered the following factors:
13         1.   The defendant is charged with a violation of 21
14 U.S.C. § 841(a)(1)- a narcotics offense that carries a maximum
15 term of life imprisonment. This substantial sentence gives
16 defendant an incentive to flee.
17         2.   Given the charge defendant faces, it is
18 presumed, subject to rebuttal, that "no condition or
19 combination of conditions will reasonably assure the
20 appearance of the person as required and the safety of the
21 community." See 18 U.S.C. §§ 3142(e) & (g)(1). Defendant has
22 failed to dispel either presumption.
23         3.   The defendant has a prior criminal record that
24 includes five felony convictions and three misdemeanor
25 convictions.  The defendant has violated the terms of his
26 parole on four occasions. Clearly, he is not amenable to
27 supervision. In addition, defendant has been cited twice for
28 failure to appear in court.

1        4.   Defendant's criminal history reflects several
2   convictions involving narcotics and weapons.  In passing the
3   Bail Reform Act of 1984, Congress was particularly concerned
4   with the danger that drugs and violence posed to the
5   community.
6        5.   Defendant has family ties to the community.
7   However, defendant's mother and sister have been ineffective
8   in deterring his criminal conduct. On the date of arrest, a
9   large quantity of narcotics as well as a firearm and ballistic
10  vest were seized at defendant's residence.
11       6.   Defendant did not proffer any conditions of
12  release, nor have any occurred to the court, that would
13  reasonably assure the safety of the community.
14       7.   Defendant asked to be released to a residential
15  drug treatment program. I do not believe such a program, which
16  is not a lock down facility, would adequately assure the
17  safety of the community.  While his mother offered to sign a
18  secured bond, given the risks discussed above and the fact
19  that she has not been able to successfully guide his behavior
20  in the past, I do not find that proposal adequate to assure
21  the safety of the community.
22            Therefore, **IT IS HEREBY ORDERED** that:
23       1.   The defendant be, and hereby is, committed to
24  the custody of the Attorney General for a confinement in a
25  corrections facility separate, to the extent practicable, from
26  persons awaiting or serving sentences or being held in custody
27  pending appeal;
28       2.   The defendant be afforded reasonable opportunity

1 | for private consultation with his counsel; and
2 |     3. On order of a court of the United States or on
3 | request of an attorney for the government, the person in
4 | charge of the corrections facility in which the defendant is
5 | confined shall deliver the defendant to an authorized Deputy
6 | United States Marshal for the purpose of any appearance in
7 | connection with a court proceeding.
8 | Dated: August 24, 2005

*/s/ Bernard Zimmerman*
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2005\HILLDETENTION.wpd

4