IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>LARRY DARNELL HILL,<br><br>    Defendant.<br>_____/ | No. CR 05-552 JSW<br><br>**ORDER TO SHOW CAUSE** |

Movant Larry Darnell Hill currently is serving a sentence imposed by this Court following the entry of a guilty plea to two counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1).

Before the Court is Mr. Hill's motion for an order under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Under § 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

Thus, a hearing is required "whenever the record does not affirmatively manifest the factual or legal invalidity of the [movant's] claims." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982) (citation omitted). "A hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably

incredible or patently frivolous as to warrant summary dismissal." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (citations omitted).

As part of his plea agreement, Mr. Hill agreed that he would not "file any collateral attack on [his] conviction, including a petition under 28 U.S.C. § 2255, at any time in the future after [he was] sentenced, except for a claim that [his] constitutional right to the effective assistance of counsel was violated." Mr. Hill contends that the indictment was vague and failed to specifically apprise him of the nature of the charges and penalties he was facing, and that his right to the effective assistance of counsel was violated because counsel did not file pretrial motions attacking the sufficiency of the indictment on these grounds.

Liberally construed, these claims appears colorable under 28 U.S.C. §2255 and merit an answer from the United States.

## CONCLUSION

For the foregoing reasons and for good cause shown:

1. The Clerk shall serve by certified mail a copy of this order and the motion and all attachments thereto upon the Office of the United States Attorney. The clerk shall also serve a copy of this order on Movant.

2. The United States shall file with the Court and serve on Movant, within 30 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause why the Court should not " vacate, set aside or correct the sentence" being served by Movant.

3. If Movant wishes to respond to the answer, he shall do so by filing a reply with the court and serving it on the United States within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: August 30, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA et al,<br><br>        Plaintiff,<br><br>  v.<br><br>HILL et al,<br><br>        Defendant. | Case Number: CR05-00552 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 30, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

U.S. Attorney's Office
450 Golden Gate Avenue
San Francisco, CA 94102

V. Roy Lefcourt
Law Office of V.Roy Lefcourt
1934 Divisadero Street
San Francisco, CA 94115

Dated: August 30, 2007

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk